ROBERT R. WILLIAMS, appellant *v.* JOHN DOE, *ex dem.* GEORGE CLAYTOR, MASON C. FITCH, HARVEY SCRIBNER, and HENRY RENCKIN, appellee.

*Appeal from Adams.*

Before the passage of the act of 1835, County Commissioners had no authority to convey the real estate of their county.

The act of 1835 makes valid conveyances made before that time by County Commissioners; and a deed of the real estate of the county, executed by the County Commissioners, in their individual names, and "under their private seals," "as County Commissioners in behalf of the county," is made valid and effectual to pass the estate therein conveyed.

In an action of ejectment, the plaintiff, to support his title, read in evidence a deed from one Wheelock and wife, to one Claytor, from whom the lessors of the plaintiff derived title to the premises described in his declaration, and the defendant read in evidence a decree of the Adams Circuit Court sitting as a court of chancery, made in a case wherein Archibald Williams, administrator, &c., was complainant, which rescinded and set aside the deed to said Claytor, and the deed to the lessors of the plaintiff, and directed that a special execution issue to the sheriff of Adams county, against said Wheelock, as the trustee of one Hynes, to sell the premises described in the plaintiff's declaration, for the satisfaction of the judgment and costs in favor of said Williams, administrator, mentioned in the bill in chancery, upon which the decree was rendered, and offered to read in evidence the special writ of execution with the return thereon, which return stated that said premises were sold to the defendant, and also the sheriff's certificate of the sale of said premises, and his deed to the defendant, under an execution in favor of one Wesley Williams, which were excluded from the jury; and the plaintiff then offered to prove that Claytor had redeemed said premises from said sheriff's sale, which was not allowed, and the Court excluded said decree from the jury. The defendant then offered in evidence the bill, process, &c., in the chancery suit in which the decree was rendered in favor of Archibald Williams, administrator, &c., which were rejected by the Court, to all of which decisions against him, the defendant excepted: *Held* that the decree was properly excluded from the jury, inasmuch as the defendant had failed to produce a deed from the sheriff under the special writ of execution. *Held,* also, that the bill was properly excluded. *Held,* also, that the deed from the sheriff was not admissible in evidence, as it recited an entirely different writ of execution from that described in the decree. *Held,* also, that there was no error in the proceedings.

The practice of excluding evidence, after it has been received, where some one important link in the chain, necessary to establish the right claimed, is wanting, seems to have been adopted in many of the courts of the Western States, as an equivalent for instructing the jury that for want of such proof, the party has not made out the point sought to be established.

*Semble,* That fraud cannot be given in evidence to impeach a deed, in an action of ejectment.

*Semble,* That where in an action of ejectment, the verdict of the jury was rendered in favor of the lessors of the plaintiff, no objection can be raised on that account, in the Supreme Court.

THIS cause was tried at the September term, 1836, of the Adams Circuit Court, before the Hon. Richard M. Young and a jury. A verdict was rendered in favor of the *lessors of the plaintiff,* from which the defendant appealed to this Court. The material facts in the case appear in the opinion of the Court. The offer of the defendant to prove that the deeds to the lessors

of the plaintiff, were void for actual and intentional fraud, which was rejected, is not stated in the opinion of the Court, though it was necessarily decided in the case.

The following errors are assigned in this Court:

1. The Court erred in allowing the said deeds of the said plaintiff's lessors to be read as evidence to the jury.

2. The Court erred in excluding the said decree from the jury.

3. The Court erred in not allowing the said bill, and papers, and process, in the said chancery suit, to be read as evidence to the jury.

4. The Court erred in not admitting the said defendant in the Court below, to read as evidence, his said deed and certificate of purchase; and in refusing to allow his proof that the deeds of the said plaintiff's lessors were void for actual and intentional fraud.

5. There is a variance in the declaration in this, that in its commencement it is against Richard Roe, and in its conclusion, it is against Robert R. Williams.

6. The verdict is defective in this, that it is in favor of Fitch, Scribner, and Renckin.

A. WILLIAMS, S. T. LOGAN, and E. D. BAKER, for the appellant.

O. H. BROWNING and J. H. RALSTON, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *ejectment* to recover the South half of Lot No. 3, in Block No. 5, in the town of Quincy. The declaration contained two demises—one from George Claytor, and one from Mason C. Fitch, Harvey Scribner, and Henry Renckin.

The plaintiff in the Circuit Court, during the progress of the trial, offered to give in evidence a patent from the United States, for the land on which the half lot in question is laid out, to the county of Adams; next, a deed from the County Commissioners of Adams county, for the same lot, to E. L. R. Wheelock, assignee of Jeremiah Rose, duly acknowledged and recorded; next, a deed from Wheelock and his wife, duly executed and recorded, to George Claytor; and from Claytor and his wife, to Fitch, Scribner, and Renckin, the lessors of the plaintiff, which was objected to by the defendant, but the deeds and patent were admitted as evidence. The possession of the premises by Williams, at the commencement of the suit, was also proven.

The defendant, on the trial, offered in evidence a decree obtained in a suit in chancery in the Circuit Court of Adams county, in November, 1834, in which Archibald Williams, administrator of one Broady, deceased, was complainant, and Peter Hynes, E.

L. R. Wheelock, George Claytor, R. G. Ormsby, Mason C. Fitch, Harvey Scribner, and Henry Renckin were defendants, by which, among other things, the conveyances from Wheelock to Claytor, and from Claytor to Fitch, Scribner, and Renckin, for the half lot described in the plaintiff's declaration, were declared fraudulent and void, and were set aside, and rescinded, and cancelled, and the premises decreed to be sold under a special execution against Wheelock, as the trustee of one Peter Hynes, to satisfy the judgment in the complainant's bill of complaint set forth. The defendant then offered to produce in evidence, the special execution for the sale of the Lot 3, in Block 5, named in the decree in the cause in chancery, with the endorsements and certificate of the sheriff of the county of Adams, that the lot in question had been duly sold to the defendant, Williams, and that he would be entitled to a deed after the period for redemption had expired; and, also, a deed for the premises, executed by the said sheriff, by virtue of a writ of *fieri facias*, issued on the 6th day of October, 1832, on a judgment obtained by one Wesley Williams, against one Peter Hynes, for the sum of sixty-two dollars and sixty-two cents, to Robert R. Williams, the defendant, duly acknowledged, and certified, reciting that the period of redemption had expired. This evidence the Circuit Court excluded.

The plaintiff then moved to exclude the decree from the jury, which had been previously offered and read in evidence, which was done. The defendant here closed his evidence, but subsequently applied to the Court to admit in evidence a bill in chancery, filed in the Circuit Court in Adams county, on the 22d November, 1833, by Archibald Williams against said Wheelock and others, being the bill on which the decree, which had been excluded from the jury, was founded. The Circuit Court rejected the bill, and the cause being submitted to the jury, a verdict was rendered against the defendant, with nominal damages. To reverse the judgment on this verdict, a writ of error has been prosecuted, and it is now assigned for error,—

1. That the Court erred in allowing the deeds offered by the lessors of the plaintiff to be read in evidence.

2. In excluding the decree from the jury, and not permitting the deed made to the defendant by the sheriff, under the execution against Hynes, in favor of Williams, to be read in evidence.

3. In not admitting the bill in chancery to be read in evidence.

In considering the grounds relied on as errors in this cause, the only question which we conceive can arise out of the facts adduced in evidence on the part of the lessors of the plaintiff, is, as to the mode of execution, and character of the deed from the County Commissioners of Adams County to Wheelock.

There can be no doubt, that at the time of the execution of the deed to Wheelock, the Commissioners could not legally convey the real estate of which the county of Adams was possessed; and had not the " *Act concerning conveyances by County Commissioners,*"(1) approved 7th of January, 1835, been passed, the deed would have been void and inoperative.

This act has declared that such conveyances, made in good faith, before the passage of the act, shall be valid and as operative as if the Commissioners had been duly authorized to execute them, at the time of the execution of the same. It has further provided for the execution of deeds for the conveyance of real estate owned by counties, for the future. The character of the deed is, perhaps, more equivocal, and admits of some doubt as to its force and effect, because the Commissioners are named as the grantors in the deed, personally, though described as Commissioners. The patent from the United States, conveys the land to the county of Adams, by such name, and it is necessarily thereby vested in such name. It would certainly have been more regular, and appropriate, to have made the county of Adams the grantor in the deed to Wheelock, and not the County commissioners by their names, although they are described as such Commissioners in the deed.

The act declaring that the conveyances heretofore executed by the Commissioners, shall be valid, might be supposed to be confined to the signing of the deeds of conveyance. Yet, when the object and spirit of the law is considered, it will be recollected, that it was the intention of its framers to confirm and render valid all such defective conveyances, whether for want of power to execute them, or on account of the character of the deeds, and the modes of execution.

In the case before us, the deed, also, recites that the conveyance is made for and on behalf of the county ; and we are, therefore, when the causes which doubtless produced the act, are considered, led to the conclusion that the deed is sufficient to convey the title to the estate granted. The Circuit Court, we conceive, decided, in effect, if not in mode, correctly, in excluding the decree from the jury, after the defendant had failed to produce a deed in conformity to the sale made under the special writ of *fieri facias.* It will be perceived that the deed recites a sale on an execution made in an entirely different cause, between different parties, in an action at law, and therefore there could be no relevancy between a title acquired under the *fieri facias* set out in the deed, and the one offered in evidence under the decree. The point can admit of no doubt. The objection, that, as the decree was evidence conducive to prove the issue, it should have been left to the jury to act on, is inconclusive. The practice of

(1) Acts of 1835, 46; Gale's Stat. 156.

excluding evidence, after it has been received, where some one important link in the chain, necessary to establish the right claimed, is wanting, seems to have been adopted in many of the courts of the Western States as an equivalent for instructing the jury, that for want of such proof, the party has not made out the point sought to be established, and that, therefore, they must disregard the other portions of evidence with reference to that point, and consider it not proven, which latter mode is preferable, being more consistent with the regular mode of proceeding. But the fact that this course was not taken, as the result, had it been, would have been the same, cannot be a sufficient reason for disturbing the judgment. The defendant has suffered no injury from the course adopted.

The exclusion of the bill in chancery was correct. It related directly to the excluded decree, and was the bill on which that decree was founded.

The minor causes referred to, of defects in the declaration and verdict, have not been considered objectionable. They are entirely cured by the statute of jeofails.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

The following motion for a re-hearing, was filed :

" Robert R. Williams v. ⎱ Motion for a re-hearing.
  Claytor and others.  ⎰

And the said Robert R. Williams sets down the following causes for a re-hearing, to wit,—

1st. The deed offered in evidence was made by the sheriff of Adams county, in pursuance of a sale made by him under a writ of *fi. fa.*, in favor of Wesley Williams, against Peter Hynes, who, as appeared by the bill in chancery excluded from the jury as evidence, was the owner of the estate in the said declaration mentioned, and held a bond for a deed to the same, at the time of the said sheriff's sale; and Wheelock held the same by deed from the County Commissioners of said county, made in pursuance of an assignment of said bond by the said Hynes to said Wheelock, which assignment was made after the said sale, all which appears by the said bill.

2d. The decree offered in evidence, and excluded by the Court, annulled and set aside the deeds under which the lessors of the plaintiff below claimed, and was relied on, not so much to show title in the defendant, as to destroy and defeat the title set up by the plaintiff, the rule being, that whatever rebuts the evidence or title of the plaintiff, is admissible in evidence. This view of the case seems to have been overlooked by the Court, as

no opinion is expressed as to the effect of the decree upon the lessors' titles.

3d. The Court takes no notice of a certificate of purchase made by the sheriff, in pursuance of a sale by him under a special *fieri facias,* issued in pursuance of said decree, which was offered in evidence, and rejected by the Court.

WILLIAMS, Atty. for Plff."

This motion was denied at a subsequent term of the Court.